UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-20565-CIV-UU

JOSE R YGUALA PUPO and all others )
similarly situated under 29 U.S.C. 216(b), )
)
                Plaintiffs, )
  vs. )
)
RIVIERA LOFT HOTEL LLC, )
JORGE MORENOS, )
)
                Defendants. )
_____ )

### FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS[1]

Plaintiff, JOSE R YGUALA PUPO, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this First Amended Complaint against Defendants, RIVIERA LOFT HOTEL LLC, JORGE MORENOS, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant RIVIERA LOFT HOTEL LLC, is a limited liability company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the

---

[1]This First Amended Complaint is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). The Corporate Defendant filed their Answer and Affirmative Defenses on 3/16/17 [DE13] however the individual Defendant has not yet filed a pleading in this matter. As such, Plaintiff herein amends the Complaint as a matter of course.

relevant time period").

4. The individual Defendant JORGE MORENOS is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as cook from on or about September 5, 2015 through on or about January 27, 2017.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, and 2016.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

14. Between the period of on or about September 5, 2015 through on or about January 27, 2017, except for approximately one week each year, Plaintiff worked an average of 58 hours a week for Defendants and was paid an average of $16.16 per hour but was never paid

anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.[2]

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                                Respectfully Submitted,

                                                J.H. Zidell, Esq.
                                                J.H. Zidell, P.A.
                                                Attorney For Plaintiff
                                                300 71st Street, Suite 605
                                                Miami Beach, Florida 33141
                                                Tel: (305) 865-6766
                                                Fax: (305) 865-7167
                                                Email: ZABOGADO@AOL.COM

---

[2] The initial Complaint contained a scrivener's error which is corrected herein.

            By:__/s/ J.H. Zidell_____
              J.H. Zidell, Esq.
             Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF AND EMAIL ON 3/22/17 TO:**

**LOWELL J. KUVIN, ESQ.[3]**
**LAW OFFICE OF LOWELL J. KUVIN**
**17 EAST FLAGLER STREET, SUITE 223**
**TEL.: 305.358.6800**
**FAX: 305.358.6808**
**LOWELL@KUVINLAW.COM**
**MIAMI, FLORIDA 33131**

**JOSHUA MICHAEL ENTIN, ESQ.**
**COUNSEL FOR DEFENDANT RIVIERA LOFT HOTEL LLC**
**ENTIN & DELLA FERA, P.A.**
**633 S. ANDREWS AVENUE, SUITE 500**
**FT. LAUDERDALE, FL 33301**
**PH: 954-761-7201**
**FAX: 954-764-2443**
**EMAIL: JOSHENTIN@COMCAST.NET**

---

[3] Mr. Kuvin, Esq., has indicated that he will be appearing on behalf of the individual Defendant however has not filed a Notice of Appearance to date. As such, should Mr. Kuvin, Esq., not agree to accept service on behalf of the individual Defendant by email then Plaintiff will make service efforts as to the individual Defendant only of the First Amended Complaint. Mr. Entin, Esq., has appeared on behalf of the Corporate Defendant on CM/ECF.