UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: 17-20565-UU

JOSE R. YGUALA PUPO and all others
similarly situated under 29 U.S.C. 216(b),

     Plaintiffs,

vs.

RIVIERA LOFT HOTEL LLC.
JORGE MORENOS,

     Defendants.

_____/

## DEFENDANT RIVIERA LOFT HOTEL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINITFF'S AMENDED COMPLAINT

     Defendant, Riviera Loft Hotel LLC ("Riviera"), by and through its undersigned counsel, hereby serves its Answer and Affirmative Defenses to Plaintiff Jose R. Yguala Pupo's ("Plaintiff") Amended Complaint (the "Complaint"), and in support thereof states as follows:

1. As to paragraph 1 of the Complaint, Riviera admits.

2. As to paragraph 2 of the Complaint, Riviera is without sufficient knowledge and therefore denies same and demands strict proof thereof.

3. As to paragraph 3 of the Complaint, Riviera admits it is a Limited Liability Company that transacts business in Miami-Dade County, and that it employed Plaintiff.  Riviera denies the remainder and demands strict proof thereof.

4. As to paragraph 4 of the Complaint, Riviera admits Jorge Morenos ("Morenos") ran the day-to-day operations of the restaurant in which the Plaintiff worked, and controlled

1

Plaintiff's work and schedule. Riviera denies the remainder and demands strict proof thereof.

5. As to paragraph 5 of the Complaint, Riviera admits venue is appropriate in Miami-Dade County, but denies the remainder and demands strict proof thereof.

6. As to paragraph 6 of the Complaint, Riviera admits this is an action brought under the FLSA, but denies the remainder and demands strict proof thereof.

7. As to paragraph 7 of the Complaint, Riviera admits this Court has jurisdiction over this matter.

8. As to paragraph 8 of the Complaint, the allegation is a statement of law that does not require a response.  To the extent a response is required, Riviera denies same and demands strict proof thereof.

9. As to paragraph 9 of the Complaint, Riviera denies same and demands strict proof thereof.

10. As to paragraph 10 of the Complaint, the allegation calls for a legal conclusion and therefore no response is required.  To the extent a response is required, Riviera denies same and demands strict proof thereof.

11. As to paragraph 11 of the Complaint, the allegation calls for a legal conclusion and therefore no response is required.  To the extent a response is required, Riviera denies same and demands strict proof thereof.

12. As to paragraph 12 of the Complaint, Riviera admits.

13. As to paragraph 13 of the Complaint, Riviera is without sufficient knowledge and therefore denies same and demands strict proof thereof.

14. As to paragraph 14 of the Complaint, Riviera denies same and demands strict proof thereof.

15. As to paragraph 15 of the Complaint, Riviera denies same and demands strict proof thereof.

## NON-WAIVER

Each and every allegation in the Complaint not specifically admitted is denied, and the failure to deny a specific allegation, or assert a specific defense, shall not be deemed to be an admission of an allegation, or a waiver of a defense.

## AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's Complaint fail in whole or in part to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Riviera had a reasonable, good faith belief it was not violating the FLSA and therefore cannot be liable for liquidated damages. Any violations of the FLSA were unintentional, and therefore liquidated damages are not recoverable. At no time did Riviera willfully violate the requirements under the FLSA.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's claims are barred by the doctrine of payment. Plaintiff was paid all sums owed to him under any contract entered between the Parties and any requirements under the FLSA. Further, any violation of the FLSA was nominal, and Plaintiff never reported any discrepancy or error in payment to Riviera.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff failed to file a written consent to opt-in to the collective action, and therefore no collective action has yet commenced. For these reasons the collective action complaint cannot be maintained or conditionally certified.

## FIFTH AFFIRMATIVE DEFESE

5.     Any decision to not properly compensate Plainitff for overtime worked was made solely by Morenos, and without the knowledge or consent of Riviera.  Consequently, any liability for unpaid overtime should belong solely to Morenos.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff was exempt from the overtime requirements of the FLSA under the executive exemption.

**WHEREFORE**, Riviera respectfully requests this Court:

A. dismiss the claims against it;

B. award it taxable costs and attorneys' fees pursuant to 29 U.S.C § 216(b); and

C. award it any and all further relief that is just and equitable.

Respectfully submitted,

By: /s Joshua M. Entin
JOSHUA M. ENTIN, ESQ.
Fla. Bar No:  0493724
ENTIN & DELLA FERA, P.A.
633 S. Andrews Avenue, Suite 500
Ft. Lauderdale, Florida 33301
Tel:   (954) 761-7201
Fax:   (954) 764-2443
E-mail: josh@entinlaw.com
*Attorney for Defendant, Riviera Loft Hotel LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 2, 2017 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Joshua M. Entin, Esq.
Joshua M. Entin, Esquire

## ATTACHED SERVICE LIST

### *Pupo vs. Riviera Loft Hotel LLC et at*
### *Case Number: 17-20565-UU*
### United States District Court, Southern District of Florida

Rivkah Fay Jaff, Esq.
Florida Bar No. 107511
Bruno Andre Garofalo, Esq.
Florida Bar No. 122023
K. David Kelly, Esq.
Florida Bar No. 123870
Jamie H. Zidell, Esq.
Fla. Bar No. 10121
J.H. ZIDELL, P.A.
300 71st Street, Suite. 605
Miami Beach, FL 33141
Tel: 305-865-6766
Fax: 305-865-7167
Email: bruno.garofalo.esq@gmail.com
Email: Rivkah.Jaff@gmail.com
Email: david.kelly38@rocketmail.com
Email: ZABOGADO@aol.com
*Attorneys for Plaintiff,  Jose R Yguala Pupo*


Lowell J. Kuvin, Esq. (via E-Mail)
Florida Bar No. 53072
LAW OFFICE OF LOWELL J. KUVIN, LLC
17 East Flagler Street
Suite 223
Tel: 305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com
*Attorney for Defendant, Jorge Morenos*