UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-20565-O'SULLIVAN

[CONSENT CASE]

JOSE R. YGUALA PUPO and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiffs,

vs.

RIVIERA LOFT HOTEL LLC, and
JORGE MORENOS,

    Defendants.
_____/

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, RIVIERA LOFT HOTEL, LLC ("Riviera") and JORGE MORENO ("Moreno") (collectively "Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L.R. 56.1, hereby file their Statement of Undisputed Facts in Support of their Motion for Partial Summary Judgment, as follows:

The following facts are tendered solely for purposes of summary judgment and should not be deemed admissions for trial or other purposes. Based on the following facts, supporting documentation, and legal arguments set forth in the Defendants' Motion for Partial Summary Judgment and Memorandum of Law in Support, the Defendants are entitled to partial judgment in their favor as a matter of law.

**STATEMENT OF UNDISPUTED FACTS**

1. On March 22, 2017, Plaintiff filed his Amended Complaint against Defendants alleging a claim for unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). *See* ECF No. 14.

2. On March 22, 2017, Plaintiff filed his Statement of Claim (the "Statement"). *See* ECF No. 15. In the Statement, Plaintiff claims the relevant time period for his unpaid overtime claim is September 5, 2015 through January 27, 2017, and that during this time he worked 18 hours of overtime each week for 69 weeks.

**September 5, 2015 to November 20, 2015**

3. Between approximately September 5, 2015 through November 20, 2015 (the "First Period"), Plaintiff was employed as a Line Cook at Moreno's Cuba Restaurant located at the Riviera Hotel operated by Riviera. During the First Period, Plaintiff was paid a regular hourly rate of $12.00 per hour, and overtime rate of $18.00 per hour for all hours worked in excess of 40 hours in a workweek. *See* First Period Timeclock and Payroll Records attached hereto as **Exhibit "A."**

4. Plaintiff concedes he was properly compensated for all overtime hours worked during the First Period.[1] *See* Relevant Excerpts from Plaintiff's Deposition ("Pl. Dep.") attached hereto as **Exhibit "B"** at 79:1-12; *see also* Chart of Plaintiff's Hours and Overtime Hours Paid by Workweek for the First Period attached hereto as **Exhibit "C."**

**November 21, 2015 to January 27, 2017**

5. Plaintiff was promoted to the Kitchen Manager position at Moreno's Cuba Restaurant on or about December 1, 2015. During the time Plaintiff was a Kitchen Manager, he

---

[1] At his deposition, Plaintiff testified that he was properly compensated for all overtime hours from September 5, 2015 to December 2015 and his claim for unpaid overtime relates solely to the time period beginning December 2015. *See* Exhibit B, Pl. Dep. at 79:1-12.

was paid a weekly salary of $646.25 per workweek. *See* Second Period Payroll and Timeclock Records attached hereto as **Exhibit "D"**; *see also* 12/1/15 Personnel Change Notice, attached hereto as **Exhibit "E"**; and Relevant Excerpts from Moreno's Deposition ("Moreno Dep.") attached hereto as **Exhibit "F"** at 62:17-63:20.

6. From November 21, 2015 until January 27, 2017 (the "Second Period"), Plaintiff was paid the same salary every week regardless of the number of hours he worked in the week. *See* Exhibit C. A mutual understanding existed that Plaintiff's weekly salary of approximately $646.25 covered all hours worked during the workweek, regardless of the number of hours worked in a particular workweek. *See* Exhibits C, D.

7. Riviera's timeclock and payroll records pertaining to Plaintiff are true and correct copies of Plaintiff's employee timeclock and payroll records. *See* Declaration of Natalia Rendon, attached hereto as **Exhibit "G."** Plaintiff has no time or pay records to contradict the Defendants' time and pay records. *See* Exhibit B at 72:12-73:10.

8. Plaintiff was responsible for accurately recording his hours, which he did for the entirety of the First Period and Second Period, through punch-in/out time clock and fingerprint recognition time clock. *See* Exhibit B at 83:12-19.

9. Plaintiff concedes that all hours he worked were properly recorded while he worked at Moreno's Cuba Restaurant. *See* Exhibit B at 22:7-18. At his deposition, Plaintiff testified as follows:

Q. And when did you start working at Moreno's?

A. Approximately on September 5th, 2015.

Q. And when you worked at Moreno's, did you clock in when you went to work?

A. Correct.

Q. Because that was the rule, right?

>A. Correct.
>
>Q. And when you stopped working, what was the last thing you did before you left to go home?
>
>A. Punch out.
>
>. . . .
>
>Q. So you punched in and punched out every day you worked?
>
>A. Correct.

*Id.* at pp.22:4-14, 22:16-19; 83:12-18.

10. The number of hours worked by Plaintiff during the Second Period (as well as the First Period) varied greatly from workweek to workweek. *See* Exhibit B; *see also* Chart of Plaintiff's Hours by Workweek for the Second Period, attached hereto as **Exhibit "H."** The Chart of Plaintiff's Hours by Workweek for the Second Period is based on the actual Payroll and Timeclock Records attached hereto as Exhibit "D."

11. During the Second Period, when Plaintiff was paid a salary, Plaintiff's weekly compensation did not vary based on the number of hours worked. *See* Exhibit B at 71:1-3. Thus, when Plaintiff worked less than 40 hours in a workweek during the Second Period, he was still compensated at his fixed weekly salary. *See* Exhibits D, H; *see also* Exhibit B at 46:10-11, 76:6-7.

12. For example, for the August 13, 2016 through August 19, 2016 workweek, Plaintiff worked 37.80 hours and received the same regular weekly salary of $646.25. *See* Timeclock and Payroll record for the workweek of August 13, 2016 through August 19, 2016, attached hereto as **Exhibit "I."**

13. In all of his weeks of employment for the Second Period, Plaintiff's salary did not once fail to meet the applicable minimum wage for all hours worked. *See* Exhibits A, D.

Dated: August 29, 2017

        Respectfully submitted,

*/s/ Joshua M. Entin*
*/s/ Candace D. Cronan*
Joshua M. Entin, Esq.
Fla. Bar No. 493724
josh@entinlaw.com
Candace D. Cronan, Esq.
Florida Bar No. 90983
candace@entinlaw.com
ENTIN & DELLA FERA, P.A.
633 S. Andrews Avenue, Suite 500
Ft. Lauderdale, Florida 33301
Tel: (954) 761-7201 | Fax: (954) 764-2443
*Attorneys for Defendant Riviera Loft Hotel, LLC*

-and-

*/s/ Lowell J. Kuvin*
Lowell J. Kuvin, Esq.
Florida Bar No. 53072
Email: lowell@kuvinlaw.com
LAW OFFICE OF LOWELL J. KUVIN, LLC
17 East Flagler Street, Suite 223
Tel: 305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com
*Attorney for Defendant, Jorge Moreno*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 29th, 2017 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/Candace D. Cronan*

**SERVICE LIST**

*Pupo vs. Riviera Loft Hotel, LLC, et. al.*
Case No.: 17-20565-O'SULLIVAN
[CONSENT CASE]

Rivkah Fay Jaff, Esq.
Florida Bar No. 107511
Bruno Andre Garofalo, Esq.
Florida Bar No. 122023
K. David Kelly, Esq.
Florida Bar No. 123870
Jamie H. Zidell, Esq.
Fla. Bar No. 10121
J.H. ZIDELL, P.A.
300 71st Street, Suite. 605
Miami Beach, FL 33141
Tel: 305-865-6766
Fax: 305-865-7167
Email: bruno.garofalo.esq@gmail.com
Email: Rivkah.Jaff@gmail.com
Email: david.kelly38@rocketmail.com
Email: ZABOGADO@aol.com
Attorneys for Plaintiff, Jose R Yguala Pupo
*Via CM/ECF Notice of Electronic Filing*

Lowell J. Kuvin, Esq. (via E-Mail)
Florida Bar No. 53072
LAW OFFICE OF LOWELL J. KUVIN, LLC
17 East Flagler Street
Suite 223
Tel: 305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com
Attorney for Defendant, Jorge Morenos
*Via CM/ECF Notice of Electronic Filing*