UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-20565-O'SULLIVAN

[CONSENT CASE]

JOSE R. YGUALA PUPO and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiffs,

vs.

RIVIERA LOFT HOTEL LLC, and
JORGE MORENOS,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Riviera Loft Hotel, LLC ("Riviera") and Jorge Morenos ("Moreno") (collectively "Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L.R. 56.1, hereby move for partial summary judgment on all claims asserted by Plaintiff, Jose R. Yguala Pupo ("Plaintiff"). The material facts are undisputed, and Defendants are entitled to partial judgment as a matter of law. In support thereof, Defendants state as follows:[1]

---

[1] Defendants have filed and served their Statement of Facts in Support of the instant Motion for Summary Judgment and Incorporated Memorandum of Law ("Statement of Facts"). References to the Statement of Facts and corresponding paragraph(s) shall be identified by "SOF ¶ __." Defendants hereby incorporate by reference the Statement of Facts as if fully set forth herein.

## I.  INTRODUCTION

Plaintiff filed the instant action against Defendants alleging a single claim for unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). *See* ECF No. 14. On March 22, 2017, Plaintiff filed his Statement of Claim (the "Statement"). *See* ECF No. 15. In the Statement, Plaintiff claims the relevant time period for his unpaid overtime claim is September 5, 2015 through January 27, 2017, and that during this time he worked 18 hours of overtime each week for 69 weeks (the "Relevant Time Period"). SOF ¶ 2; *see also* ECF No. 15.

The manner in which Plaintiff was compensated during the Relevant Time Period changed from hourly pay to salary which created two distinct time periods. From September 5, 2015 to November 20, 2015 (the "First Period") Plaintiff was paid a regular hourly rate of $12.00 per hour, and overtime rate of $18.00 per hour for all hours worked in excess of 40 hours in a workweek. From November 21, 2015 to his last day of employment on January 27, 2017 (the "Second Period"), Plaintiff was paid a weekly salary of $646.25 per workweek, irrespective of the number of hours worked in the workweek.

Defendants are entitled to summary judgment for the overtime claims asserted for the First Period because the undisputed record demonstrates Plaintiff was properly paid the time and a half rate for all hours worked in excess of 40 hours in each workweek during this time period.

Defendants are also entitled to <u>partial</u> summary judgment for the overtime claims asserted during the Second Period.[2] In the event it is determined Plaintiff was misclassified as exempt during the Second Period, partial summary judgment should be entered limiting Plaintiff's

---

[2] Defendants contend Plaintiff was properly classified as an exempt salaried employee during the Second Period and is not entitled to any overtime compensation. However, Defendants' concede there is an issue of fact as to the exemption defense, and do not move for summary judgment based on the exemption.

2

overtime claim during this time period to the proper "half-time" computation based on the hours recorded by Plaintiff each week. Determining the proper damages formula to be used is a matter of law for the Court to decide. *See e.g., Linscheid v. Natus US Med., Inc.*, No. 3:12-cv-67-TCB, 2015 U.S. Dist. LEXIS 40255, at *30-32 (N.D. Ga. Mar. 30, 2015). As will be shown below, the proper formula for calculating overtime in a failed exemption case is at one-half the employee's regular rate for all hours worked in excess of forty per workweek.

Thus, Defendants are entitled to judgment as a matter of law on the issue of the appropriate method for computing overtime in the event Plaintiff is determined to be a non-exempt employee.[3]

If Defendants' Motion for Summary Judgment is granted, the issues for trial will be substantially narrowed, it will be less likely that the two time periods presented will confuse the jury, the resources of the Court and the Parties will be conserved, and it will help the parties to negotiate a resolution.

## II.     MEMORANDUM OF LAW

### A.     Summary Judgment Standard.

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The

---

[3]     *See Torres v. Bacardi Global Brands Promotions, Inc.*, 482 F. Supp. 2d 1379, 1381 (S.D. Fla. 2007) ("[A] non-exempt employee who receives a weekly salary for all hours worked has, by definition, already been paid his 'regular rate' for all hours worked in the workweek. Thus, [such] employee is only owed half-time for any hours worked in excess of forty per workweek."); *Martin v. S. Premier Contractors, Inc.*, No. 2:11-cv-197-RWS, 2013 U.S. Dist. LEXIS 30017, 2013 WL 822635, at *10 (N.D. Ga. Mar. 6, 2013) (where a plaintiff's "salary was intended to compensate him for fluctuating work hours, the overtime premium to which he would be entitled properly would be calculated on a half-time basis"); *Linscheid*, 2015 U.S. Dist. LEXIS 40255, at *34-35 (same).

Court must view the facts in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), and must draw "all justifiable inferences in [its] favor," *U.S. v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted). The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As set forth herein, there are no triable material issues of fact regarding the First Period because the undisputed record evidence, and Plaintiff's own deposition testimony, demonstrate he was paid for all overtime hours worked between September 5, 2015 and December 1, 2015. Further, there are no triable material issues of fact regarding the appropriate half-time method of computing the amount of overtime owed during the Second Period in the event it is determined Plaintiff was misclassified as an exempt employee during this timeframe.

> **B.    First Period: The Time and Pay Records Show Plaintiff Was Properly Compensated for All Overtime Hours Worked.**

The time and pay records (and Plaintiff's own testimony) reflect that during the First Period Plaintiff was fully and properly compensated for all overtime hours worked. Plaintiff has not challenged the time records produced by Defendants, and Plaintiff admits he does not have any records of his own which might refute the accuracy of the Defendants time and pay records.

Under the FLSA, the employer generally bears the responsibility to maintain records regarding the employee's wages, hours, and other information regarding the work performed. *See Allen v. Bd. of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007); *see also* 29 C.F.R. § 516.2. If the employer failed to maintain accurate and adequate records and the employer does not have convincing substitutes, then the employee can discharge the burden by proving "that [the employee] has in fact performed work for which [the employee] was improperly compensated

4

and … produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Allen*, 495 F.3d at 1315-16 (internal quotation marks omitted). Then, the burden shifts to the employer to "bring forth evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id*.

The undisputed evidence demonstrates that during the First Period, Plaintiff was employed as a Line Cook at Moreno's Cuba Restaurant located at the Riviera. SOF ¶ 3. During the First Period, Plaintiff was paid a regular rate of approximately $12.00 per hour, and an overtime rate of $18.00 per hour for all hours worked in excess of 40 hours in a workweek. *Id.*

In addition to the timekeeping records, Plaintiff agreed at his deposition he was properly compensated for all overtime hours worked before December 2015, and his claim against Defendants pertains *only* to the Second Period; beginning on or about December 2015 through January 27, 2017 (the Second Period). SOF ¶¶ 2 and 4. Plaintiff has no time or pay records to contradict the Defendants' time and pay records. SOF ¶ 7.

Because there is no genuine issue of material fact as to whether Plaintiff was fully compensated for all overtime hours worked during the First Period, judgment must be entered in favor of Defendants as to all overtime claims during this time period.

> **C. Partial Summary Judgment Must Be Entered Limiting Plaintiff's Overtime Claim During the Second Period to A "Half-Time" Computation Based on The Hours Recorded by Plaintiff Each Week.**

Courts have consistently utilized the "half-time" computation as the appropriate measure of damages in cases where an employee has been paid a salary but is not exempt. This would be the correct formula to apply here in the event the exemption defense raised by Defendants was to fail at trial.

Determining the proper damages formula to be used is a matter of law for the Court to decide. *See e.g., Linscheid v. Natus US Med., Inc.*, No. 3:12-cv-67-TCB, 2015 U.S. Dist. LEXIS 40255, at *30-32 (N.D. Ga. Mar. 30, 2015). The proper formula for calculating overtime in a failed exemption case is at one-half the employee's regular rate for all hours worked in excess of forty per workweek. Thus, Defendants are entitled to judgment as a matter of law on the issue of the appropriate method for computing overtime in the event Plaintiff is determined to be a non-exempt employee.

In determining the appropriate amount of overtime pay in a case where an employee is salaried but not exempt, one must start with the general statutory mandate for the payment of overtime, 29 U.S.C. § 207, which states:

> Except as otherwise provided in this section, no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. 207(a)(1). In *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 n.16 (1942), the Supreme Court held that the employee's "regular rate" would be determined by dividing the number of hours actually worked by the weekly wage. *Id.* at n.16; *see also Kohlheim v. Glynn Cnty.*, 915 F.2d 1473, 1480 (11th Cir. 1990) ("[regular rate = salary for work period / total hours worked in work period]"). However, numerous courts have held that "a non-exempt employee who receives a weekly salary for all hours worked has, by definition, already been paid his 'regular rate' for all hours worked in the workweek. Thus, a salaried employee is only owed halftime for any hours worked in excess of forty [hours] per workweek." *Torres v. Bacardi Global Brands Promotions, Inc.*, 482 F. Supp. 2d 1379, 1381 (S.D. Fla. 2007) ("[A] non-exempt employee who receives a weekly salary for all hours worked has, by definition, already been paid his 'regular rate' for all hours worked in the workweek. Thus, [such] employee is only owed half-time for any

6

hours worked in excess of forty per workweek."); *Martin v. S. Premier Contractors, Inc.*, No. 2:11-cv-197-RWS, 2013 U.S. Dist. LEXIS 30017, 2013 WL 822635, at *10 (N.D. Ga. Mar. 6, 2013) (where a plaintiff's "salary was intended to compensate him for fluctuating work hours, the overtime premium to which he would be entitled properly would be calculated on a half-time basis"); *Linscheid*, 2015 U.S. Dist. LEXIS 40255, at *34-35 (same); *see also Anderson v. Stiefel Aluminum Inc.*, No. 8:12-cv-1756-T-30MAP, 2013 U.S. Dist. LEXIS 98341, 2013 WL 3714089, at *2, n. 1 (M.D. Fla. July 15, 2013) (stating that "[t]he law is clear that the halftime method applies when the employee's salary was intended to compensate the employee for all the hours he worked.").

In *Torres*, this Court granted summary judgment for the defendants on this identical issue reasoning that the plaintiff:

> was paid a fixed salary that he received no matter how many hours he worked in a given week. Therefore, if [the plaintiff] is rendered to be a non-exempt employee, his overtime must be computed by (1) dividing his weekly salary by the total number of hours worked in each given week (his "regular rate"), and then (2) after determining his regular rate for a given week, [the plaintiff's] overtime damages would be one-half his regular rate multiplied by the number of overtime hours worked in that week.

482 F. Supp. 2d at 1381.

This case is analogous to *Torres*, which presented the same issue as in this case, *i.e.* what is the proper measure of damages in a misclassification case where the employee was paid a fixed salary. *See id.* In finding that the plaintiff would receive "half-time" pay if found not to be exempt, the Court noted that it was *not* relying on the fluctuating workweek method, but rather on the fact that the plaintiff had already received his regular rate for all hours worked, leaving him only the half-time premium as damages. The *Torres* Court noted, "[v]irtually every court that has considered the question has upheld the remedial use of half-time in failed exemption cases." *Id.* at

7

1381 n.2 (*citing Sutton v. Legal Services Corp.*, 11 W.H Cas.2d 401, 404 (D.C. Sup. 2006)) (internal quotation omitted).[4]

Similarly, the court in *Zoltek v. Safelite Glass Corp.*, 884 F. Supp. 283 (N.D. Ill. 1995), relied upon the same logic in reaching the same conclusion. The *Zoltek* court stated that

> [t]he proper method for calculating Zoltek's regular rate is to divide his salary amount per week by the number of hours worked in each week. Having arrived at the regular rate for a given week, Zoltek is entitled to one-half that amount multiplied by the number of overtime hours worked in that week. He is not entitled to time-and-a-half because he has already been compensated at the regular rate for all hours worked. He has only been denied the 50% supplement required for his overtime hours. This is the method of calculating Zoltek's damages proposed by Safelite. Accordingly, Safelite's proposed method for calculating damages is correct.

884 F. Supp. at 287-88 (footnote omitted).

The Eleventh Circuit has held that "[n]either the regulation nor the FLSA in any way indicates that an employee must also understand the manner in which his or her overtime pay is calculated.'" *Davis*, 2003 WL 21488682 at *2 (quoting *Bailey v. County of Georgetown*, 94 F.3d 152, 156 (4th Cir. 1996)). Importantly, Plaintiff only needs to understand that while his hours fluctuated, his salary did not. *Valerio*, 173 F.3d at 37; *Clements v. Serco, Inc.*, 530 F.3d 1224, 1230 (10th Cir. 2008). The DOL has also endorsed this interpretation. Wage and Hour Opinion Letter, FLSA 2009-3 (citing *Valerio* and *Clement* for the proposition that the "mutual understanding element only requires that the employees have a 'clear and mutual understanding that they would be paid on a salary basis for all hours worked.'").

---

[4] The *Torres* case relied on the Fifth Circuit's decision in *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir. 1988). In *Blackmon*, the Fifth Circuit concluded that the district court had miscalculated the plaintiff's award of damages when it awarded the plaintiff time-and-a-half because "[t]hat method [wa]s inappropriate when the employer and employee have agreed on a fixed salary for varying hours." *Id.* at 1138.

Here, there is no dispute that Plaintiff received the same weekly salary during the Second Period for over a year (November 21, 2017 through January 27, 2017), and his weekly salary remained the same regardless of how many hours he worked, be it over or under 40 hours a week. SOF ¶¶ 5 and 6. Plaintiff has no time or pay records to contradict the Defendants' time and pay records. SOF ¶ 7. Plaintiff was promoted to the Kitchen Manager position at Moreno's Cuba Restaurant in approximately December 2015. SOF ¶¶ 5 and 6. The undisputed record evidence establishes Riviera paid Plaintiff a set amount per workweek, *i.e.*, a weekly salary for all hours worked for the time period in which he was employed as a Kitchen Manager. SOF ¶¶ 5, 6, 7, 11 and 12. From approximately December 1, 2015 through the end of his employment on January 27, 2017, Plaintiff was paid the same salary every week regardless of the number of hours he worked in the week. *Id.*

Additionally, a clear, mutual understanding existed that Plaintiff would be paid a fixed weekly salary during the Second Period regardless of the hours worked. SOF ¶¶ 5, 6, 11. The number of hours worked by Plaintiff varied greatly from workweek to workweek. SOF ¶ 10. Plaintiff's weekly salary of approximately $646.25 covered all hours worked during the workweek, regardless of the number of hours worked in a particular workweek. *Id.* For example, for the August 13, 2016 through August 19, 2016 workweek, Plaintiff worked 37.80 hours and received the same regular weekly salary of $646.25. SOF ¶ 12. Additionally, Plaintiff's payroll records show that his salary was sufficiently large enough to ensure that no workweek fell below the applicable minimum wage rate. SOF ¶ 13. During the Second Period, Plaintiff already received the regular portion of his overtime hours and would only be entitled to receive the half-time premium for overtime work (if he is determined to have been non-exempt). *Valerio v. Putnam Assoc., Inc.*, 173 F.3d 35, 37 (1st Cir. 1999) (holding that "parties must only have reached a 'clear

9

mutual understanding' that while the employee's hours may vary, his or her base salary will not." *Clements*, 530 F.3d 1224 (holding that mutual understanding element only requires that the employees have a "clear mutual understanding that they would be paid on a salary basis for all hours worked.").

Based on these uncontested record, if Plaintiff is deemed to have been a non-exempt employee during the Second Period, his overtime must be computed as follows: (1) to determine Plaintiff's regular rate of pay for each workweek in question, his weekly salary must be divided by the total number of hours he worked in each given week; and (2) after determining the regular rate for a given week, Plaintiff's overtime damages would be one-half of his regular rate multiplied by the number of overtime hours worked in that week. *See Missel*, 316 U.S. at 580; *Blackmon*, 835 F.2d at 1138-39; *Zoltek*, 884 F. Supp. at 287-88.

Because the half-time rate is the appropriate method of computing Plaintiff's remedial damages if he is determined to be a non-exempt employee, Defendants' motion for partial summary judgment as to the proper calculation of overtime damages should be granted. *See also Yellow Transit Freight Lines, Inc. v. Balven*, 320 F.2d 495, 499-500 (8th Cir. 1963) (having failed to meet the motor carrier exemption, the court concluded that plaintiff's hourly rate should have been multiplied by only one-half rather than one and one-half to determine the compensation due for the extra hour worked each week); *Brennan v. Valley Towing Co., Inc.*, 515 F.2d 100, 110 (9th Cir. 1975) (after determining plaintiffs were salaried but not exempt, and their weekly salaries were intended to cover 47 hour workweek, the court instructed back pay be awarded for the last seven hours worked in each workweek, in the amount of one-half of the regular rate); *Yadav v. Coleman Oldsmobile, Inc.*, 538 F.2d 1206, 1207 n.2 (5th Cir. 1976) (plaintiff was not exempt under either the executive or administrative exemptions and was entitled to one-half her regular

rate multiplied by the number of overtime hours); *Fegley v. Higgins*, 19 F.3d 1126, 1130 (6th Cir. 1994) (after concluding plaintiff was an employee and not an independent contractor, overtime pay was computed at one-half plaintiff's hourly rate for all hours over forty per week); *Valerio v. Putnam Assoc., Inc.*, 173 F.3d 35, 39-40 (1st Cir. 1999) (plaintiff was not exempt but understood her fixed weekly salary was compensation for potentially fluctuating weekly hours; thus, under FLSA and state law, she was only entitled to half-time for overtime hours); *Heavenridge v. Ace-Tex Corp.*, 1993 WL 603201, *4, 1 W.H. Cas.2d 1367 (E.D. Mich. 1993) (following DOL's determination that plaintiff was non-exempt and owed half-time for hours worked over forty per week, plaintiff's claims for overtime at rate of one and one-half times was dismissed); *Martin v. S. Premier Contractors, Inc.*, No. 2:11-cv-197-RWS, 2013 U.S. Dist. LEXIS 30017, 2013 WL 822635, at *10 (N.D. Ga. Mar. 6, 2013) (where a plaintiff's "salary was intended to compensate him for fluctuating work hours, the overtime premium to which he would be entitled properly would be calculated on a half-time basis"). Defendants' further contend that the proper measure of remedial damages in a failed exemption case is also supported by the opinion letter from the Department of Labor dated January 14, 2009, Wage and Hour Opinion Letter FLSA 2009-03 (January 14, 2009), which demonstrates the propriety of using the half-time method in retroactive payments for overtime. *Desmond v. PNGI Charles Town Gaming, LLC*, 661 F. Supp. 2d 573, 583-85 (N.D.W. Va. 2009).

For these reasons, partial summary judgment must be entered limiting Plaintiff's overtime claim during the Second Period to a "half-time" computation based on the hours recorded by Plaintiff each week.

### D.     Plaintiff's Overtime Claims During the Second Period Must Be Limited to The Overtime Hours Set Forth in The Timekeeping and Payroll Records.

In the event no exemption is determined to apply during the Second Period, Plaintiff's overtime claims during the Second Period must be limited to the overtime hours set forth in the timekeeping and payroll records.

Plaintiff was responsible for clocking in and clocking out, which he did for the entirety of the First Period and Second Period, through punch-in/out time clock and fingerprint recognition time clock. SOF ¶ 8. Plaintiff concedes that all hours he worked were properly recorded while he worked at Moreno's Cuba Restaurant. SOF ¶ 9. Plaintiff has no time or pay records to contradict the Defendants' time and pay records. SOF ¶ 7. At his deposition, Plaintiff testified as follows:

> Q. And when did you start working at Moreno's?
>
> A. Approximately on September 5th, 2015.
>
> Q. And when you worked at Moreno's, did you clock in when you went to work?
>
> A. Correct.
>
> Q. Because that was the rule, right?
>
> A. Correct.
>
> Q. And when you stopped working, what was the last thing you did before you left to go home?
>
> A. Punch out.
>
> . . . .
>
> Q. So you punched in and punched out every day you worked?
>
> A. Correct.

SOF ¶ 9.

Because it is undisputed that records exist reflecting the actual hours worked by Plaintiff each week, any claim for overtime during the Second Period must be limited to the overtime hours

reflected in the payroll and timekeeping records. As indicated in the Chart of Plaintiff's Hours by Workweek for the Second Period, in applying the half-rate analysis for the hours worked in excess of 40 in workweeks during the Second Period, the total amount of overtime owed to Plaintiff cannot exceed the unliquidated amount of $4,145.24 in the event the exemption defense fails.

### III.  CONCLUSION

If Defendants' Motion for Summary Judgment is granted, the issues for trial will be substantially narrowed, it will be less likely that the two time periods presented to a jury will be confusing, the resources of the Court and the Parties will be conserved, and it will become more likely that a settlement may be reached.

The undisputed evidence demonstrates that during the First Period, Plaintiff was an hourly rate employee and was properly compensated for all overtime hours at a rate of not less than one and a half times his regular rate of pay.  Because there is no genuine issue of material fact as to whether Plaintiff was fully compensated for all overtime hours worked during the First Period, judgment must be entered in favor of Defendants as to all overtime claims during this time period.

Further, the half-time rate is the appropriate method of computing Plaintiff's remedial damages if he is determined to be a non-exempt employee, Defendants are entitled to summary judgment as to the proper calculation of overtime damages for the Second Period.

Finally, because records exist reflecting the actual hours worked by Plaintiff each week (and Plaintiff does not have any records contradicting Defendants' records), any claim for overtime during the Second Period must be limited to the overtime hours reflected in the payroll and timekeeping records.

For these reasons, Defendants respectfully request that the Court enter an order granting Defendants' Motion for Partial Summary Judgment.

Dated: August 29, 2017

Respectfully submitted,

*/s/ Joshua M. Entin*
*/s/ Candace D. Cronan*
Joshua M. Entin, Esq.
Fla. Bar No. 493724
josh@entinlaw.com
Candace D. Cronan, Esq.
Florida Bar No. 90983
candace@entinlaw.com
ENTIN & DELLA FERA, P.A.
633 S. Andrews Avenue, Suite 500
Ft. Lauderdale, Florida 33301
Tel: (954) 761-7201 | Fax: (954) 764-2443
*Attorneys for Defendant Riviera Loft Hotel, LLC*

-and-

*/s/ Lowell J. Kuvin*
Lowell J. Kuvin, Esq.
Florida Bar No. 53072
Email: lowell@kuvinlaw.com
LAW OFFICE OF LOWELL J. KUVIN, LLC
17 East Flagler Street, Suite 223
Tel: 305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com
*Attorney for Defendant, Jorge Moreno*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 29th, 2017 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/Candace D. Cronan*

## SERVICE LIST

*Pupo vs. Riviera Loft Hotel, LLC, et. al.*
Case No.: 17-20565-O'SULLIVAN
[CONSENT CASE]

Rivkah Fay Jaff, Esq.
Florida Bar No. 107511
Bruno Andre Garofalo, Esq.
Florida Bar No. 122023
K. David Kelly, Esq.
Florida Bar No. 123870
Jamie H. Zidell, Esq.
Fla. Bar No. 10121
J.H. ZIDELL, P.A.
300 71st Street, Suite. 605
Miami Beach, FL 33141
Tel: 305-865-6766
Fax: 305-865-7167
Email: bruno.garofalo.esq@gmail.com
Email: Rivkah.Jaff@gmail.com
Email: david.kelly38@rocketmail.com
Email: ZABOGADO@aol.com
Attorneys for Plaintiff, Jose R Yguala Pupo
*Via CM/ECF Notice of Electronic Filing*

Lowell J. Kuvin, Esq. (via E-Mail)
Florida Bar No. 53072
LAW OFFICE OF LOWELL J. KUVIN, LLC
17 East Flagler Street
Suite 223
Tel: 305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com
Attorney for Defendant, Jorge Morenos
*Via CM/ECF Notice of Electronic Filing*