UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-20565-CIV-O'SULLIVAN
[CONSENT]

JOSE R YGUALA PUPO,

     Plaintiff,

v.

RIVIERA LOFT HOTEL LLC
and JORGE MORENOS,

     Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion for Partial Summary Judgment and Incorporated Memorandum of Law (DE# 40, 8/29/17) and the Plaintiff's Motion for Partial Summary Judgment (DE# 49, 10/16/17).

## BACKGROUND

The plaintiff has alleged a cause of action against defendants Riviera Loft Hotel LLC (hereinafter "Riviera") and Jorge Moreno (hereinafter "Moreno") for unpaid overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. 201, et seq. (hereinafter "FLSA"). See First Amended Complaint under 29 U.S.C. 201- 216 Overtime Wage Violations (DE# 14, 3/22/17) (hereinafter "Amended Complaint").

On August 29, 2017, the defendants filed a motion for partial summary judgment and statement of undisputed facts. See Defendants' Motion for Partial Summary Judgment and Incorporated Memorandum of Law (DE# 40, 8/29/17) (hereinafter "Defendants' Motion"); Defendants' Statement of Undisputed Facts in Support of Their Motion for Partial Summary Judgment (DE# 39, 8/29/17) (hereinafter "Defendants'

SOF"). On September 19, 2017, the plaintiff filed his response in opposition to the motion and to the statement of undisputed facts. See Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment [DE 40] (DE# 44, 9/19/17) (hereinafter "Plaintiff's Response"); Plaintiff's Statement of Material Facts in Opposition to Defendants' Statement of Material Facts (DE# 45, 9/19/17) ("Plaintiff's RSOF"). The defendants filed their reply on October 10, 2017. See Defendants' Reply to Plaintiff's Response to Defendants' Motion for Partial Summary Judgment (DE# 48, 10/10/17) (hereinafter "Defendants' Reply").

The plaintiff also moved for partial summary judgment and filed a statement of undisputed facts. See Plaintiff's Motion for Partial Summary Judgment (DE# 49, 10/16/17) (hereinafter "Plaintiff's Motion"); Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment (DE# 50, 10/16/17) ("Plaintiff's SOF"). On November 13, 2017, Defendant Riviera filed its response in opposition to the plaintiff's motion and to the statement of undisputed facts. See Defendant Riviera Loft Hotel LLC's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment [D.E. 49] (DE# 61, 11/13/17) (hereinafter "Riviera's Response"); Defendant Riviera Loft Hotel, LLC's Statement of Material Facts in Opposition to Plaintiff's Statement of Material Facts in Support of His Motion for Partial Summary Judgment [D.E. 50] (DE# 62, 11/13/17) ("Riviera's RSOF"). Defendant Moreno adopted defendant Riviera's response to the plaintiff's motion and filed his own response to the statement of undisputed facts. See Defendant Jorge Moreno's Adopts [sic] Defendant Riviera Loft's Response [DE 61] to Plaintiff's Motion for Partial Summary Judgment [DE 50] (DE# 63, 11/13/17); Defendant Jorge Moreno's Response in Opposition to Plaintiff's Statement

2

of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment [D.E. 50] (DE# 64, 11/13/17) (hereinafter "Moreno's RSOF"). The plaintiff filed his reply on November 16, 2017. See Plaintiff's Reply to Defendants' Responses to Plaintiff's Motion for Partial Summary Judgment (DE# 65, 11/16/17) (hereinafter "Plaintiff's Reply").

Both motions are ripe for adjudication.

## FACTS[1]

The plaintiff began his employment with the defendants[2] under the title "line cook." See Personnel Change Notice (DE# 62-2, 11/13/17). On December 1, 2015, the plaintiff was given the title "kitchen manager." Id.[3] Defendant "Riviera's timeclock and payroll records pertaining to Plaintiff are true and correct copies of Plaintiff's employee timeclock and payroll records" and "Plaintiff has no time or pay records to contradict the Defendants' time and pay records." Defendants' SOF at ¶ 7; Plaintiff's RSOF at ¶ 7.

---

[1] The facts summarized herein are limited to those facts which are pertinent to the Court's analysis.

[2] As indicated in the Analysis section, the defendants were joint employers under the FLSA.

[3] The plaintiff disputes that he received a promotion:

> I was not at any time promoted to Kitchen Manager. I never managed employees. I never managed or prepared the schedules. I did not discipline employees. Throughout my entire employment period I reported directly to one of the several managers who were in charge of the business operation. I remained a cook throughout the entire employment period. The only change that occurred was the method I was paid.

Affidavit of Jose R. Yguala Pupo (DE# 45-1 at ¶ 14).

The defendants divide the plaintiff's employment into two parts: (1) September 5, 2015 through November 20, 2015, when the plaintiff was paid hourly (hereinafter "First Period of Employment") and (2) November 21, 2015 through January 27, 2017, when the plaintiff was paid a salary ("Second Period of Employment"). The parties do not dispute that the plaintiff was properly compensated for all overtime hours worked during the First Period of Employment. Defendants' SOF at ¶ 4; Plaintiff's RSOF at ¶ 4.

During the Second Period of Employment, the plaintiff was paid a weekly salary of $645.25 per workweek. Defendants' SOF at ¶ 5. During this time, "Plaintiff was paid the same salary every week regardless of the number of hours he worked in the week." Id. at ¶ 6.[4] The number of hours worked by the plaintiff varied greatly. Id. at ¶ 10.

The parties dispute the plaintiff's primary duties during the Second Period of Employment. The plaintiff maintains that he was a cook and his primary duty was to make food. Plaintiff's SOF at ¶¶ 1-2. The defendants assert that the plaintiff had numerous primary duties including: "ensur[ing] proper functioning of equipment;" "training new employees on standard operations and expectations of the entire Restaurant;" supervising other employees, "play[ing] an integral part in the hiring and firing of kitchen staff;" "coordinat[ing] and maintain[ing] employee scheduling" and "ensur[ing] the Restaurant ran smoothly and that the kitchen work flow was conducive

---

[4] The parties dispute whether this salary was meant to compensate the plaintiff for all hours worked. The plaintiff denies "that a mutual understanding existed that Plaintiff's weekly salary of approximately $646.25 covered all hours worked during the workweek, regardless of the number of hours worked in a particular workweek." Plaintiff's RSOF at ¶ 6. For the reasons discussed below, the undersigned finds that this is a disputed material fact which precludes summary judgment in the defendants' favor on the calculation of damages should the jury determine that the plaintiff is a non-exempt employee.

to the daily operations of the Restaurant." Riviera's RSOF at ¶ 2.

## STANDARD OF REVIEW

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant part, as follows:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). That is, "[t]he moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323) (internal quotation marks omitted).

In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). "When evaluating cross-motions for summary judgment, the Court analyzes each individual motion on its own merits and thus views the facts on each motion in the

light most favorable to the respective nonmovant." <u>Adega v. State Farm Fire & Cas. Ins.</u> <u>Co.</u>, No 07-20696, 2009 WL 3387689, at *3 (S.D. Fla. Oct. 16, 2009). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. <u>Reich v. John Alden Life Ins. Co.</u>, 126 F.3d 1 (1st Cir. 1997). If the record presents factual issues, the Court must deny the motion and proceed to trial. <u>Adickes</u>, 398 U.S. at 157; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-movant, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court caused by an unnecessary trial. <u>Celotex</u>, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his or her bare assertions, conclusory allegations, surmises or conjectures. <u>Id.</u> As the Supreme Court noted in <u>Celotex</u>:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

<u>Id.</u> at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. <u>Anderson</u>, 477 U.S. at 251; <u>Matsuchita Elec. Indus.</u> <u>Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).

## ANALYSIS

**1.      Defendants' Motion for Partial Summary Judgment (DE# 40)**

As noted above, the defendants divide the plaintiff's employment into two parts: (1) September 5, 2015 through November 20, 2015, when the plaintiff was paid hourly (hereinafter "First Period of Employment") and (2) November 21, 2015 through January 27, 2017, when the plaintiff was paid a salary ("Second Period of Employment"). The defendants argue they are entitled to partial summary judgment as to each period of employment for the reasons stated below.

### a.      Summary Judgment on Plaintiff's First Period of Employment

The defendants argue that they are entitled to summary judgment on the plaintiff's overtime claim from September 5, 2015 to November 20, 2015 because "the undisputed record demonstrates Plaintiff was properly paid the time and a half rate for all hours worked in excess of 40 hours in each workweek during this time period." Defendants' Motion (DE# 40 at 2). In support of their argument, the defendants cite their time records and the plaintiff's deposition testimony.

The plaintiff does not dispute that the defendants are entitled to summary judgment on the First Period of Employment. See Plaintiff's Response (DE# 44 at 3) (stating "[u]pon further review of the facts and evidence the Plaintiff concedes on this issue as to alleged unpaid overtime concerning the First period, September 5, 2015 to November 20, 2015, only."). Accordingly, the defendants' motion for partial summary judgment as to the First Period of Employment is **GRANTED**.

### b.     Summary Judgment on Plaintiff's Second Period of Employment

The plaintiff was paid a salary from November 21, 2015 through January 27, 2017. The defendants further argue that they "are entitled to judgment as a matter of law on the issue of the appropriate method for computing overtime in the event Plaintiff is determined to be a non-exempt employee." Defendants' Motion (DE# 40 at 3). The defendants concede that the issue of whether the plaintiff is an exempt employee is a disputed issue of fact. Id. at 2 n. 2. Nonetheless, the defendants argue that "[i]n the event it is determined Plaintiff was misclassified as exempt during the Second Period of Employment, partial summary judgment should be entered limiting Plaintiff's overtime claim during this time period to the proper 'half-time' computation based on the hours recorded by Plaintiff each week." Id. at 2-3. The defendants further argue that in the event the plaintiff is not an exempt employee, the Court should rule as a matter of law that the hours worked by the plaintiff during the Second Period of Employment are limited to those recorded in the timekeeping and payroll records.

### i.     Method of Calculating Damages

The plaintiff argues that the Court should not enter summary judgment for the defendants on the Second Period of Employment because a genuine issue of material fact exists as to whether the parties were in agreement that the plaintiff's salary was intended to compensate the plaintiff for all hours worked. Plaintiff's Response (DE# 44 at 5). The plaintiff has filed an affidavit wherein he attests that he expected to be paid overtime in addition to his salary. See Affidavit of Jose R. Yguala Pupo (DE# 45-1 at ¶ 17). The plaintiff also cites to his "paystubs reflecting an hourly rate of $16.16." Id.

In their reply, the defendants maintain that the plaintiff's salary was meant to cover all hours worked and that the hourly rate reflected in the plaintiff's paystubs was automatically calculated by Paycom, the payroll company used by the defendants. Defendants' Reply (DE# 48 at 7-8); see also Declaration of Natalia Rendon (DE# 48-1 at ¶ 13) (attesting that "[t]he 80.00 hours reflected on the Earnings Statements were merely a default loaded number of hours for the pay period. The hourly rate of $16.16 printed on [the plaintiff]'s Earnings Statements (attached hereto and bate stamped Riviera 000038-000066) was computed by default in the Paycom system by dividing the bi-weekly salary amount of $1,292.50 by the default loaded 80.00 hours.").

The defendants are not entitled to summary judgment on how damages should be calculated during the Second Period of Employment, in the event the jury finds the plaintiff to be a non-exempt employee. In some instances, courts have applied the fluctuating workweek method in calculating the amount of overtime owed to a non-exempt, salaried employee. The Eleventh Circuit has described the fluctuating workweek method as follows:

> the Department of Labor ("DOL") promulgated 29 C.F.R. § 778.114, an interpretive rule setting forth the fluctuating workweek method. Subsection (a) of the rule explains that where the fluctuating workweek method is used to calculate the employee's regular rate of pay, "[p]ayment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement."

Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1311 (11th Cir. 2013). The Eleventh Circuit also explained that:

> the fluctuating workweek method is not the only or even the default method for calculating damages when an employee is paid a weekly

9

> salary. In fact, it is conceptually subsumed within the broader rule that "[i]f the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary **by the number of hours which the salary is intended to compensate**." 29 C.F.R. § 778.113(a). We have previously deferred to this DOL interpretation of an employee's "regular rate" of pay under the FLSA. <u>Rodriguez v. Farm Stores Grocery, Inc.</u>, 518 F.3d 1259, 1268 n. 5 (11th Cir. 2008). Consequently, "where the employee is paid solely on a weekly salary basis, **the number of hours the employee's pay is intended to compensate—not necessarily the number of hours he actually works—is the divisor**." <u>Id.</u> at 1269.

<u>Id.</u> (emphasis added).

In the instant case, the parties dispute whether the plaintiff's salary was intended to compensate the plaintiff for all hours worked. The plaintiff has submitted an affidavit attesting to the following facts:

> 15. It was my understanding that the pay I received was intended to cover only the 40 hours I was regularly scheduled to work during the Second Period (November 21, 2015 through to January 27, 2017).
>
> 16. When I was hired by Jorge Moreno I was contracted to work around 40 hours per week. During the First Period (approximately September 5, 2015 through to November 20, 2015) when I worked over 40 hours per week I was paid for my overtime hours. These overtime hours rarely exceeded approximately 5 hours per week.
>
> 17. On or about December 1, 2015, Jorge Moreno indicated to me that he was giving me a raise in pay. I told him that I expected overtime pay for any hours worked over 40 hours per week if I was going to be working longer hours.
>
> 18. I was paid via direct deposit and I would not receive copies of my paystubs. I only discovered that I was not being paid overtime for any hours over 40 hours per week when I asked for a copy of a paystub.
>
> 19. I complained to Jorge Moreno about not being paid overtime on many occasions because I felt exploited that I was working so many hours over 40 hours per week and not getting any overtime payment. I was economically dependent on my employment with Defendants and I could not afford to leave.

Affidavit of Jose R. Yguala Pupo (DE# 45-1 at ¶¶ 15-19). The defendants insist "that Plaintiff was aware that the raise in pay he received in the beginning of the Second Period was a biweekly salary intended to compensate him for varying hours week to week." Defendants' Reply (DE# 48 at 9) (citation and internal quotation marks omitted).

    The undersigned finds that based on the record in the instant case, the issue of whether the plaintiff's salary was intended by the parties to cover all of the hours worked by the plaintiff is a disputed factual issue and should be submitted to the jury. See Martin v. S. Premier Contractors, Inc., No. 2:11-CV-00197-RWS, 2013 WL 822635, at *10 (N.D. Ga. Mar. 6, 2013) (denying summary judgment for employer stating that "[g]iven the lack of evidence in the record regarding the number of hours [the p]laintiff's salary was intended to compensate, the Court [could not] rule as a matter of law that the overtime compensation, if any, owed [p]laintiff should be calculated on a half-time basis."). Accordingly, the defendants' motion for partial summary judgment as to whether the plaintiff is only entitled to half-time if the jury determines that the plaintiff was a non-exempt employee during the Second Period of Employment is **DENIED**.

        **ii.**    **Number of Hours Worked by the Plaintiff During the Second Period of Employment**

    The defendants are entitled to summary judgment as to the total number of hours worked by the plaintiff during the Second Period of Employment. In his response, the plaintiff states, "[u]pon further review of the facts and evidence the Plaintiff concedes on this issue **to the extent** that the payroll timekeeping records are accurate." Plaintiff's Response (DE# 48 at 6) (emphasis added). At the summary

judgment stage, it is the plaintiff's burden to point to facts in the record which would create a genuine issue of fact as to the accuracy of the payroll timekeeping records. See Thurmon v. Georgia Pac., LLC, 650 F. App'x 752, 756 (11th Cir. 2016) (stating that "[o]nce the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute."). The plaintiff has not done so. Accordingly, the defendants are entitled to a judgment as a matter of law that the hours worked by the plaintiff during the Second Period of Employment are limited to those recorded in the timekeeping and payroll records. The defendants' motion for partial summary judgment as to the hours worked by the plaintiff during the Second Period of Employment being limited to those recorded in the timekeeping and payroll records is **GRANTED**.

**2. Plaintiff's Motion for Partial Summary Judgment (DE# 49)**

The plaintiff seeks partial summary judgment in his favor on three grounds:

I. The Defendant Jorge Moreno was an individual employer who had operation control of the restaurant located at the hotel owned by Riviera Loft Hotel, LLC during the relevant time period.

II. The Defendant Jorge Moreno and Defendant Riviera Loft Hotel, LLC were the "joint employer" of Plaintiff as defined by the Fair Labor Standards Act (FLSA) during the relevant time period.

III. The Plaintiff was not an exempt executive manager at any point of his employment with Defendants.

Plaintiff's Motion (DE# 49 at 1). The defendants do not dispute that the plaintiff is entitled to summary judgment on the first and second ground. See Defendant Riviera's Response (DE# 61 at 2) (stating "Riviera does not oppose Plaintiff's Motion for Partial

Summary Judgment as to point 1 (Moreno was an individual employer who had operation control of the restaurant located at the hotel owned by Riviera during the relevant time period) and point 2 (the Moreno and Riviera were the 'joint employer' of Plaintiff as defined by the FLSA during the relevant time period).").[5] Accordingly, the plaintiff's motion for summary judgment on the issue of individual employer and on the issue of joint employer is **GRANTED**. The undersigned will now address the third ground.

The parties dispute whether the plaintiff is entitled to summary judgment on the executive exemption. In its answer to the Amended Complaint, defendant Riviera raised the executive exemption as an affirmative defense. See Defendant Riviera Loft Hotel LLC's Answer and Affirmative Defenses to Plaintiff's Amended Complaint (DE# 17 at 4, 4/2/17). The Eleventh Circuit has stated that in determining whether the executive exemption applies, the district courts must look beyond the plaintiff's job title. See Gregory v. First Title of Am., Inc., 555 F.3d 1300, 1307 (11th Cir. 2009) (per curiam). To determine whether an individual is an exempt employee, the Court is required to undertake a highly fact-specific inquiry into the tasks and responsibilities of that employee.

The defendants bear the burden of proving that the plaintiff is an exempt employee. An employer seeking exemption from the overtime pay requirements of the

---

[5] Defendant Moreno did not file his own response, but adopted defendant Riviera's response. See Defendant Jorge Moreno's Adopts Defendant Riviera Loft's Response [DE 61] to Plaintiff's Motion for Partial Summary Judgment [DE 50] (DE# 61). Accordingly, defendant Moreno also concedes that the plaintiff is entitled to summary judgment on the first and second ground.

FLSA has the burden of affirmatively showing that each of the essential conditions to an exemption are met. See Brock v. Norman's Country Market, Inc., 835 F.2d 823, 827 (11th Cir. 1988) (citing Foremost Dairies, Inc. v. Wirtz, 381 F.2d 653 (5th Cir. 1967)). The FLSA is to be interpreted liberally. See Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1315 n. 36 (11th Cir. 2011) (recognizing that courts "liberally construe the FLSA's terms to ensure that coverage extends 'to the furthest reaches consistent with congressional direction.'") (quoting Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296 (1985)). As such, exemptions to the FLSA are narrowly construed against the employer. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1156 (11th Cir. 2008).

The Code of Federal Regulations defines executive employees as those who are:

> (1) Compensated on a salary basis at a rate of not less than $455 per week . . . ;
>
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
> (3) Who customarily and regularly directs the work of two or more other employees; and
>
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a).

a.     **Salary Basis**

With respect to the first prong:

An employee satisfies the "salary basis" test if he is "compensated on a salary or fee basis at a rate of not less than $455 per week." 29 C.F.R. § 541.200. Payment is on a "salary basis" if the employee receives "**a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed**." 29 C.F.R. § 541.602(a).

Altman v. Sterling Caterers, Inc., 879 F. Supp. 2d 1375, 1381 (S.D. Fla. 2012) (emphasis added). The plaintiff admits that during the Second Period of Employment, "Plaintiff was paid the same salary [of $645.25] every week regardless of the number of hours he worked in the week." Plaintiff's RSOF (DE# 45-1 at ¶ 6). Nonetheless, the plaintiff argues that the defendants cannot meet the first prong "because Plaintiff claims he was paid on an hourly basis, and was not paid for all of his hours; therefore Defendants have not proven Plaintiff was paid a 'predetermined' weekly salary." Plaintiff's Reply (DE# 65 at 4).

The Court finds that the plaintiff was paid a predetermined salary of $645.25 per workweek. The plaintiff admitted that he was paid the same salary every week regardless of the number of hours he worked. Plaintiff's RSOF (DE# 45-1 at ¶ 6). Additionally, the plaintiff did not address the first prong in his motion. It was not until his reply that the plaintiff raised this argument. See Willis v. DHL Glob. Customer Sols. (USA), Inc., No. 10-62464-CIV, 2011 WL 4737909, at *3 (S.D. Fla. Oct. 7, 2011) (noting that "Judges in this district . . . have repeatedly rejected attempts by parties to raise new arguments in reply memoranda."). Accordingly, the plaintiff is not entitled to summary

15

judgment on the ground that the defendants cannot meet the first prong of 541.100(a).

As to the remaining prongs, the plaintiff maintains that "[he] did not supervise, manage, or oversee any other employees as part of his ordinary job duties" and that he "had no power to hire, fire, or set the work schedules as to any employees." Plaintiff's Motion (DE# 49 at 10-11). According to the defendants, "[s]ubstantial record evidence demonstrates [the] existence of material issues of fact as to prongs (2), (3), and (4) which preclude the entry of summary judgment in favor of Plaintiff on the issue of the applicability of the executive exemption to Plaintiff." Riviera's Response (DE# 61 at 5). For the reasons discussed below, the undersigned finds that genuine issues of material fact preclude summary judgment for the plaintiff on the remaining prongs.

### b.    Primary Duty

"Under the FLSA, an employee's 'primary duty' is 'the principal, main, major or most important duty that the employee performs.' 29 C.F.R. § 541.700(a). In determining an employee's primary duty, the court must consider all 'the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.'" Id. Elliott v. Flying J., Inc., No. CIV.A. CV205-22, 2006 WL 1308204, at *3 (S.D. Ga. May 8, 2006), aff'd in part, 243 F. App'x 509 (11th Cir. 2007).

Here, the parties dispute whether the plaintiff's primary duty was management. The plaintiff asserts that his primary duty was to make food. Plaintiff's Motion (DE# 49 at 10). The defendants have filed an affidavit from defendant Moreno who attests that

the plaintiff's primary duties included:

> a) Making sure the food for guests was properly prepared by either preparing the food himself or by delegating the task to other employees.

> b) Making sure the kitchen was properly staffed and stocked prior to the shift and throughout the shift which included making the decision to send kitchen staff home early if business was slow.

> c) Making sure the food served to guests were prepared according to the restaurants recipes.

> d) Regularly preparing schedules for the kitchen staff. (See August 21, 2015 Text Message and September 18, 2015 Text Message).

> e) Regularly recommending new employees to be hired for kitchen positions.

> t) On an ongoing basis, recommending employees be disciplined or terminated from employment for infractions of the policies at Moreno's Cuba.

> g) Directing employees (kitchen staff as well as servers) in ordering and delivering food for guests.

> h) Inventorying food and supplies as well as purchasing food from local grocery stores by using cash from the register.

> i) Adding or recommending changes to Moreno's Cuba menu a well as making changes to the corporate recipes.

Affidavit of Jorge Moreno (DE# 62-1 at ¶5). In light of the conflicting evidence, genuine issues of material fact preclude summary judgment for the plaintiff on this prong.

### c.    Customarily Directing the Work of Two or More Employees

The plaintiff states that "[he] did not supervise, manage, or oversee any other employees as part of his ordinary job duties." Plaintiff's Motion (DE# 49 at 10); see also Plaintiff's Reply (DE# 65 at 4) (stating that "Plaintiff gave examples that he showed [other employees] how to prepare dishes and 'temperature', 'meat needs to go out', 'not

to take more than ten minutes an order' etc. However, Plaintiff did not state that he had

an ongoing supervisory role directing [other employees'] work. In fact, he said 'I was

never the boss in the kitchen.'"). The defendants have presented evidence contradicting

this claim. See Affidavit of Jorge Moreno (DE# 62-1 at ¶5). Based on the conflicting

record, the plaintiff is not entitled to summary judgment on this prong.

### d.   Recommendations as to the Hiring, Firing, Advancement, Promotion or Any Other Change of Status of Other Employees

The plaintiff argues that the defendants cannot satisfy this prong because the

plaintiff "had no power to hire, fire, or set the work schedules as to any employees."

Plaintiff's Motion (DE# 49 at 10-11). However,

> [i]n deciding whether this exemption applies, the "factors to be considered
> include, but are not limited to, whether it is part of the employee's job
> duties to make such suggestions and recommendations; the frequency
> with which such suggestions and recommendations are made or
> requested; and the frequency with which the employee's suggestions and
> recommendations are relied upon." In re Family Dollar FLSA Litig., 988 F.
> Supp. 2d 567, 577 (W.D.N.C. 2013) (quoting 29 C.F.R. § 541.105). **The
> employee's recommendations "may still be deemed to have
> 'particular weight' even if a higher level manager's recommendation
> has more importance and even if the employee does not have the
> authority to make the ultimate decision as to the employee's change
> in status**." Id.

Merritt v. Escambia Cty., Florida, No. 3:15-CV-286/MCR/EMT, 2017 WL 1147462, at *4

(N.D. Fla. Mar. 25, 2017) (emphasis added). Here, the defendants have pointed to

several instances in the record wherein the plaintiff made recommendations regarding

employee schedules or whether defendant Moreno should hire or fire an employee.

See, e.g.,Text Messages, Exhibit F (DE# 62-6). The defendants have also filed the

Affidavit of Jorge Moreno wherein defendant Moreno attests that the plaintiff's primary

duties included:

> d) Regularly preparing schedules for the kitchen staff. (See August 21, 2015 Text Message and September 18, 2015 Text Message).
>
> e) Regularly recommending new employees to be hired for kitchen positions.
>
> f) On an ongoing basis, recommending employees be disciplined or terminated from employment for infractions of the policies at Moreno's Cuba.

Affidavit of Jorge Moreno (DE# 62-1 at ¶5(e)-(f)). At the very least, there are issues of material fact that preclude summary judgment for the plaintiff as to the fourth prong.

In sum, the plaintiff's motion for summary judgment on the executive manager exemption is **DENIED**.

<strong><u>CONCLUSION</u></strong>

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendants' Motion for Partial Summary Judgment and Incorporated Memorandum of Law (DE# 40, 8/29/17) is **GRANTED in part and DENIED in part**. The defendants are entitled to summary judgment as to the First Period of Employment and on the issue of the hours worked by the plaintiff during the Second Period of Employment being limited to those recorded in the timekeeping and payroll records. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion for Partial Summary Judgment (DE# 49, 10/16/17) is **GRANTED in part and DENIED in part**. The plaintiff is entitled to summary judgment on the issue of individual employer and on the issue of joint employer.

DONE AND ORDERED in Chambers at Miami, Florida this ___3___ day of January, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to: All counsel of record