UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-20565-CIV-O'SULLIVAN
[CONSENT]

JOSE R YGUALA PUPO,
    Plaintiff,

v.

RIVIERA LOFT HOTEL LLC,
and JORGE MORENOS,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Defendant Riviera Loft Hotel LLC's Motion in Limine to Exclude at Trial the Introduction of Any Testimony or Evidence of Prior Lawsuits (DE# 53, 10/18/17) and Defendant Riviera Loft Hotel LLC's Motion in Limine to Exclude Any Testimony or Evidence at Trial Relating to Alleged Poor Working Conditions During Plaintiff's Employment (DE# 54, 10/18/17).

## ANALYSIS

**1.    Prior Lawsuits**

Defendant Riviera Loft Hotel LLC (hereinafter "Riviera") seeks "to exclude at trial the introduction of any testimony or evidence of prior lawsuits against Riviera." See Defendant Riviera Loft Hotel LLC's Motion in Limine to Exclude at Trial the Introduction of Any Testimony or Evidence of Prior Lawsuits (DE# 53 at 1, 10/18/17). The plaintiff does not oppose the relief requested provided that it is limited to the three lawsuits identified in the instant motion. See Plaintiff's Response to Defendant's Motion in Limine [DE 53] Regarding Prior Lawsuits (DE# 55, 10/19/17). In its reply, defendant Riviera states that the Court should enter an Order excluding from evidence "any and all other lawsuits involving Riviera." Defendant Riviera Loft Hotel LLC's Reply to Plaintiff's Response to Defendant's Motion in

Limine Regarding Prior Lawsuits (DE# 57 at 2, 10/26/17).

Defendant Riviera's motion is **GRANTED in part**. Evidence relating to the three prior lawsuits identified in the instant motion is excluded from trial. Should the plaintiff seek to introduce evidence of any additional lawsuits, the plaintiff shall notify the Court and defendant Riviera. The parties may re-litigate the issue at that time.

## 2. Poor Working Conditions

Riviera also seeks "to exclude any testimony or evidence at trial relating to alleged poor working conditions during Plaintiff, JOSE R. YGUALA PUPO's ('Plaintiff') employment" on the ground that this evidence is not relevant to the plaintiff's overtime claim and any probative value is substantially outweighed by undue prejudice. See Defendant Riviera Loft Hotel LLC's Motion in Limine to Exclude Any Testimony or Evidence at Trial Relating to Alleged Poor Working Conditions During Plaintiff's Employment (DE# 54 at 4, 10/18/17). The plaintiff argues that evidence of working conditions is relevant to the issue of willfulness and good faith and that an Order excluding this testimony "would make it difficult for the Plaintiff to describe his job, and such would interfere with questioning (due to concerns that the Plaintiff might truthfully describe his working environment in a manner that Defendant finds objectionable)." Plaintiff's Response to Defendant's Motion in Limine [DE 54] Regarding Working Conditions (DE# 56 at 2-3, 10/27/15).

The Court fails to see the connection between the plaintiff's working conditions and the issue of willfulness or good faith. "A violation of the FLSA is 'willful' if the 'employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was.'" Schumann v. Collier Anesthesia, P.A., No. 2:12-CV-347-FTM-29CM, 2017 WL 1391461, at *1 (M.D. Fla. Apr. 12, 2017) (quoting Alvarez Perez v. Sanford–Orlando Kennel Club, Inc., 515 F.3d 1150, 1162-63 (11th Cir. 2008) (citing

McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988))). To show good faith, an employer must show that it had a subjective belief that it was compliant with the FLSA and an objectively reasonable basis for this belief. Orlando's Auto Specialists, Inc., 2008 U.S. Dist. LEXIS 72362, 2008 WL 4371830, *4 (M.D. Fla. Sept. 23, 2008). The conditions under which a plaintiff works are not regulated by the FLSA. Additionally, the Court is confident that the plaintiff will be able to follow an Order excluding testimony related to the working conditions in the defendants' kitchen. Any reasonable doubt as to whether testimony or other evidence would violate an evidentiary ruling may be addressed with the Court. Accordingly, defendant Riviera's motion to exclude evidence related to working conditions is **GRANTED**.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant Riviera Loft Hotel LLC's Motion in Limine to Exclude at Trial the Introduction of Any Testimony or Evidence of Prior Lawsuits (DE# 53, 10/18/17) is **GRANTED in part and without prejudice to renew** if the plaintiff seeks to introduce evidence of any additional lawsuits at trial. It is further

ORDERED AND ADJUDGED that Defendant Riviera Loft Hotel LLC's Motion in Limine to Exclude Any Testimony or Evidence at Trial Relating to Alleged Poor Working Conditions During Plaintiff's Employment (DE# 54, 10/18/17) is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida this 3 day of January, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to: All counsel of record